UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| CITY OF PIKEVILLE, KENTUCKY, | ) | |
| Plaintiff, | ) ) ) | Civil No. 15-71-ART |
| v. | ) ) | |
| BROAN-NUTONE, LLC, | ) ) | **MEMORANDUM OPINION & ORDER** |
| Defendant. | ) ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Two years ago, a warehouse fire totally destroyed one of the plaintiff's trucks. To show how much that truck was worth, the plaintiff offered testimony from three lay witnesses. In the defendant's view, however, the plaintiff needs an expert witness to prove damages. The defendant is wrong, and thus, its motion for summary judgment must be denied.

### BACKGROUND

The City of Pikeville owned a 2009 Mack Truck. R. 1-1 at 3. By 2014, the truck had stopped working and was at a warehouse owned by Worldwide Equipment. *Id.* On July 2, 2014, a fire broke out in the warehouse, and the truck was totally destroyed. *Id.* Pikeville alleges that the defendant, Broan-Nuton, LLC ("Broan"), negligently designed, manufactured, and sold a vent fan whose defects caused the fire. *Id.* at 1–6. So Pikeville filed this suit against Broan.

Pikeville, however, did not retain an expert to calculate its damages, specifically the value of the damage to the truck. Why? Because Pikeville believes that a lay witness can testify to the amount of damages. R. 36 at 4; R. 35-9 at 12. Pikeville disclosed three lay

witnesses that it says are qualified to testify as to the value of the damaged truck.  R. 35-8 at 3–4; R. 36 at 5.  The first witness, Janie Daughtery, is a claims adjuster who dealt with the claim for the damaged truck.  R. 35-8 at 3.  The second, Tonya Taylor, is the Director of Finance for the City of Pikeville.  *Id.*  The third, Donnie Sloan, is the Director of Public Works for the City of Pikeville.  *Id.* at 4.  Broan now moves for summary judgment, arguing that it is entitled to summary judgment because Pikeville has not put forward any competent evidence from which a jury could determine damages.  R. 35-1 at 5.  In support of this argument, Broan contends that the Federal Rules of Evidence prohibit the three lay witnesses from offering an opinion about the value of the truck.  *Id.*  Broan also contends that, even if these witnesses were allowed to testify, their testimony is not sufficient to prove damages under Kentucky law.  R. 38.

## DISCUSSION

Broan first argues that the Federal Rules of Evidence prohibit Daughtery—the claims adjuster who dealt with the insurance claim in this case—from offering an opinion about the value of the truck.  R. 35-1 at 5.  Daughtery dealt with this claim as part of her job as a Property Adjuster with the City of Pikeville.  R. 35-11 at 2.  She says that, to calculate the truck's value, she first reviewed pictures of the damaged truck, its Certificate of Title and Certificate of Registration, and a list of information—such as its mileage and specifications—provided by the City of Pikeville.  *Id.* at 2–3; R. 38-1 at 7–8 (attachments to Daughtery affidavit).  She then found four similar trucks in publications that advertise trucks for sale and averaged these values.  R. 35-11 at 3; R. 38-1 at 9–12; R. 36 at 5.[1]  After adding an additional $982.63 based

---

[1] Broan does not contest Pikeville's assertion that Daughtery did no more analysis than to average the value of the four comparable trucks, add $982.63 from invoices submitted by Pikeville, and subtract the $250 deductible.  R. 36 at 5 (citing R. 35-2).  Accordingly, the Court assumes Broan does not challenge that this was Daughtery's methodology.

2

on invoices Pikeville submitted for things like LED lights and the CB radio, she arrived at a value of $116,820.13—the amount for which she issued a check to Pikeville. R. 35-11 at 3; R. 38-1 at 7–8; R. 36 at 5.

Broan argues that a lay witness may not give such testimony. Specifically, Broan says that such testimony is "opinion" testimony that only a formally tendered expert can offer. That argument fails for two reasons. As an initial matter, Daughtery does not only intend to offer an opinion. She also intends to testify to facts that are within her personal knowledge, which a lay witness is of course entitled to do. In Daughtery's affidavit, she describes the steps that she personally took to deal with the insurance claim and states that, at the end of the process, she "issued a check for $116,820.13 to the City of Pikeville as payment for the value of the loss suffered with respect to the Truck." R. 35-11 at 3. Whether a person issued a check in a certain amount is not a matter of opinion—the check was either issued or it was not issued—and thus Daughtery's testimony is plainly admissible as purely factual testimony. *See United States v. White*, 492 F.3d 380, 399–400 (6th Cir. 2007) (auditor properly testified as a fact witness when she testified about the structure of the Medicare program generally, the work of her employer, the process for paying claims, and her personal work). Daughtery is therefore competent to give evidence of the value of the check she issued, which in turn is evidence of the value of the truck itself.[2]

---

[2] Although not directly on point, the treating physician exception under Federal Rule of Civil Procedure 26(a) provides another example of where individuals with particular knowledge that they acquire through their jobs may testify as fact witnesses. That exception allows for a treating physician to testify "within a permissive core on issues pertaining to treatment, based on what he or she learned through actual treatment and from the plaintiff's records up to and including that treatment" without filing an expert report. *Fielden v. CSX Transp., Inc.*, 482 F.3d 866, 870 (6th Cir. 2007), *as amended on denial of reh'g and reh'g en banc* (July 2, 2007).

3

Moreover, Daughtery would also be entitled to give an opinion as to the truck's value. Under Federal Rule of Evidence 701, a lay witness may give opinion testimony if the opinion has three characteristics. It must be rationally based on the witness's perception. Fed. R. Evid. 701. It must be helpful to clearly understanding the witness's testimony or to determining a fact in issue. *Id.* And it must not be based on scientific, technical, or other specialized knowledge within the scope of Federal Rule of Evidence 702. *Id.* According to the Sixth Circuit's interpretation of that rule, a witness may give a lay opinion that is based on his knowledge gained "through participation in the business's day-to-day affairs." *United States v. Kerley*, 784 F.3d 327, 337 (6th Cir. 2015), *cert. denied*, 136 S. Ct. 350 (2015).

Here, Daughtery has particularized knowledge about the value of the truck, which she gained through her "day-to-day" job as an insurance adjuster. *Id.* Her opinion as to the truck's value would be rationally based on her perception. *See* R. 35-11 (Daughtery's affidavit explaining the basis of her personal knowledge of the truck's value); *see also* R. 38-1. It would of course be helpful to determining a fact in issue—namely the value of the truck. And it would not, contrary to Broan's assertion, require "scientific, technical, or other specialized knowledge."

The reason is that Daughtery is not drawing on specialized, abstract knowledge about the world to reach her opinion. Instead, she is basing her opinion only on her personal, particular work experience. And "the fact that [a witness] drew particular opinions . . . for the purposes of this case does not make him an 'expert' with the meaning of [Rule 702]." *Id.* (quoting *United States v. Valencia*, 600 F.3d 389, 416 (5th Cir. 2010); *see also Nat'l Hispanic Circus, Inc. v. Rex Trucking, Inc.*, 414 F.3d 546, 551–52 (5th Cir. 2005) ("Rule 701 does not exclude testimony by corporate officers or business owners on matters that relate to their

4

business affairs, such as industry practices and pricing."). A lay witness may properly offer testimony which "results from a process of reasoning familiar in everyday life." *United States v. White*, 492 F.3d 380, 401 (6th Cir. 2007) (quoting *State v. Brown*, 836 S.W.2d 530, 549 (Tenn. 1992)). Her testimony runs afoul of Rule 701 only if it "results from a process of reasoning which can be mastered only by specialists in the field." *Id.* (quoting *Brown*, 836 S.W.2d at 549).

Daughtery's valuation process "results from a process of reasoning familiar in everyday life." Anyone who has considered purchasing a used car has likely taken similar steps: gathering some information about the car, searching the internet or publications to find the price of similar cars, and estimating the value of any add-ons the car has that other comparable cars do not. The fact that thousands of people engage in this process every day shows that it is based on "reasoning familiar in everyday life" rather than a process that can be "mastered only by specialists in the field." *White*, 492 F.3d at 401. Thus, Daughtery's testimony is admissible as a lay opinion as well.

In response, Broan points to an unpublished district court case, *Smith v. Allstate Ins. Co.*, where the court prohibited an insurance adjuster from testifying as an opinion witness under Rule 701. 2007 U.S. Dist. LEXIS 95674, at **2–3 (S.D. Ohio June 11, 2007). But *Smith* actually supports the conclusion that the Court reaches here. In *Smith*, the plaintiff hired an insurance adjuster to testify even though he had no firsthand knowledge of the claim at issue in the case. *Id.* at *1. The Court prohibited the adjuster from offering general "opinions based on his experience as an insurance adjuster under [Rule 701]." *Id.* at *4. But the Court also held that the adjuster could "testify as a fact witness, of course" and offer "opinions as a lay witness to the extent the opinions . . . are rationally based on [the adjuster's] perceptions . . .

5

.″ *Id.* Thus, even under the logic of *Smith*, Daughtery could offer evidence of the value of the truck—both as a fact witness and in the form of a lay opinion.

Broan also argues that, even if Daughtery is competent to testify, Broan is nevertheless entitled to summary judgment. A moving party is entitled to summary judgment "when the record, viewed in the light most favorable to the nonmoving party, reveals that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." *Laster v. City of Kalamazoo*, 746 F.3d 714, 726 (6th Cir. 2014) (citing Fed. R. Civ. P. 56(c)). The party that moves for summary judgment must identify the portion of the record which demonstrates that there is no genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party has made such a showing, the non-moving party must "show[] that there is a genuine issue for trial." *Gregg v. Allen-Bradley Co.*, 801 F.2d 859, 861 (6th Cir. 1986). To do so, that party must present "significant probative evidence . . . on which a reasonable jury could return a verdict" in her favor. *Chappell v. City of Cleveland*, 585 F.3d 901, 913 (6th Cir. 2009) (citations omitted).

Pikeville has presented such probative evidence here. The measure of damages for injury to personal property in Kentucky is the difference in the fair market value before and after the damage has occurred. *McCarty v. Hall*, 697 S.W.2d 955 (Ky. Ct. App. 1985). A reasonable jury could conclude, based on Daughtery's testimony about the value of the insurance check she issued to Pikeville, that the fair market value of the truck was $116,820.13. Moreover, to the extent that Daughtery gave a lay opinion that the value of the truck was $116,820.13, a reasonable jury would be entitled to accept that opinion. And since the parties agree that the truck was destroyed completely, R. 1-1 ¶ 6; R. 35-1 ¶ 5, a reasonable jury could conclude that the fair market value of the truck after the fire was zero.

6

In response, Broan argues that Daughtery's valuation method is not evidence of the fair market value of the truck because it does not reflect the true value of the truck that the fire destroyed. R. 38 at 3. This is so, says Broan, because the truck was inoperable but Daughtery valued the truck by comparing the values of four vehicles that were fully functional. *Id.* Such a process does not, in Broan's view, accurately reflect the fair market value of the inoperable truck at issue here.

Broan may be correct that Daughtery's valuation process was flawed. But Kentucky law does not require damages to be proven to a scientific certainty in order for a case to go to a jury. For example, in *Bruner v. Gordon*, the only evidence the plaintiff introduced of his damages was his own opinion as to the market value of his car immediately before and after the accident. 214 S.W.2d 997, 999–1000 (Ky. 1948). The court acknowledged that this opinion testimony was "the only evidence before the jury" but held that "the jury was authorized to use this evidence in fixing the damage." *Id.* at 34. Similarly, in *McDonald v. Breaux Ballard, Inc.*, the only damages evidence the plaintiff introduced was the price he paid for his automobile a few years prior to the accident and the price a potential buyer offered to pay for it a year before the accident. 183 S.W.2d 26, 28 (Ky. 1944). Nevertheless, the court found this evidence sufficient to instruct the jury on damages. *Id.* at 29.

In both *Bruner* and *McDonald*, the valuation methods were far from perfect. In both cases, the owners of the cars offered valuation opinions that were not rooted in any rigorous valuation process. And it is likely that the automobiles in those cases had various flaws—dings, dents, broken radios, and so on—that would have made their true values less than the values stated by their owners. Nevertheless, the Kentucky courts did not require the plaintiffs to produce evidence as to how the flaws in the vehicles affected the vehicle's market value.

7

Instead, those courts held that it was enough for the plaintiffs to offer *some* evidence of the value of the vehicle. Similarly, the Mack truck here had its own flaws—in particular, a problem with its power system. Pikeville might be able to establish how much this problem decreased the market value of the truck by, say, introducing testimony about the price of repairing similar problems with trucks in the past. But it need not do so to get to a jury: as explained above, Kentucky law does not require that Pikeville produce such evidence to survive summary judgment.

Broan is of course free to attack Pikeville's evidence of damages at trial. For example, Broan can point out that, given the truck's defects, Daughtery's valuation is too high. *Louisville & N.R. Co. v. Hill*, 212 S.W.2d 320, 322 (Ky. 1948) (explaining that the owner "ought certainly to be allowed to estimate" the value of the property, and the weight of his testimony is left to the jury). But Broan has not shown, as a matter of law, that Pikeville has failed to meet its burden to prove damages. For this reason, Broan's motion for summary judgment must be denied.

In sum, Daughtery can offer admissible evidence of damages, and that evidence is sufficient for Pikeville to survive a motion for summary judgment. Thus, the Court need not consider the admissibility of the testimony of Sloan and Taylor regarding the truck's value. The issues raised by these witnesses' testimonies are much thornier, as it is not clear from the current record whether they have sufficient personal knowledge to testify as to the value of the truck. *See* R. 35-6; R. 36. But, having decided the motion for summary judgment without considering these witnesses, the Court will leave the remaining issues around Sloan and Taylor's proffered testimonies for trial.

## CONCLUSION

Daughtery can offer admissible evidence of damages at trial. And such evidence is sufficient to sustain a verdict under Kentucky law. Accordingly, it is **ORDERED** that the defendant's motion for summary judgment, R. 35, is **DENIED**.

This the 10th day of May, 2016.

Signed By:
*Amul R. Thapar* AT
United States District Judge